Nathan R. Zeltzer, Esq., NV SBN 5173  
LAW OFFICE OF NATHAN R. ZELTZER  
333 Marsh Avenue, Suite 1A  
Reno, Nevada 89509  
nrzbk@yahoo.com  
(775) 324-7600  

E-FILED ON: 3/8/10

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE:<br><br>DANNY R. FIDENES,<br>MARIA LINDA FIDENES,<br><br>Debtor(s). | Case No.: 09-54448-GWZ<br><br>Chapter 13<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>HEARING DATE:  April 9, 2010<br>HEARING TIME:  1:30 p.m. |

COMES NOW, the debtors DANNY R. FIDENES and MARIA LINDA FIDENES, by and through her attorney, Nathan R. Zeltzer, Esq. and opposes WELLS FARGO BANK's, (hereinafter "Movant") Motion for Relief From the Automatic Stay.

This opposition is brought pursuant to the Points and Authorities included herein, and on further oral argument of counsel as may be presented at the time of the hearing.

/s/Nathan R. Zeltzer,  
Nathan R. Zeltzer  
Attorney for Debtors

1

**I.      FACTS**

The debtors filed their Chapter 13 bankruptcy on December 15, 2010.  The filing of the bankruptcy was to stop collections action by their second lien holder on their home and reduce the outstanding obligations on their home by filing a Motion to Value Collateral on this property.  The Plan has been confirmed and is pending confirmation.

This is the debtors family home where they reside.  The debtor estimated that the house was worth approximately $239,000.00 as listed on their schedule A.  The approximate amount of the loans against the property total $216,000.00.

**II. LAW AND ARGUMENT**

To obtain relief under 11 USC §362(d)(1) the court can grant relief for "cause".  In this case the Movant has not met this burden.

To obtain relief under 11 USC §362(d)(2) a creditor must make a **prim facie** (emphasis added) case that (1) the property over-encumbered, and (2) it is not necessary for an effective reorganization, see In re Elmore, 94 B.R. 670 (Bkrtcy C.D. Cal. 1988).

A debtor's principal residence in a Ch. 13 case is virtually always necessary to an effective reorganization... if the home is not saved, the reorganization is not effective, Elmore at 673.

Debtors initiated a Mortgage Loan Modification review with the Movant at or around the time they filed their bankruptcy.  Debtors were notified by the Movant's representatives that if her loan was current she could not apply to have a modification processed.  Thus, she stopped making payments to be able to try a modification of her 1st mortgage loan.  Under the Home Affordable Modification Program (hereafter HAMP) the Movant cannot terminate a Modification review due to a bankruptcy filing.  In this case the Movant is attempting to seek relief from Stay, without honoring the terms of HAMP which they are a party to.  Debtors' should be able to complete their Modification process to determine if they qualify for a Modification under the terms of HAMP.  The debtors intend to keep their home, which is one of the reasons for filing bankruptcy.

\\\

\\\

1  WHEREFORE, for the reasons aforementioned, the debtor asks that the Motion be
2 denied.  In the alternative, if the Motion is not denied it is requested that the debtors be granted an
3 Adequate Protection Order to cure the two post-petition missed mortgage payments on their home.  It
4 is further requested that the Movant allow the Debtors' to complete the HAMP modification request
5 that has been submitted to the Movant.   Additionally, the debtors request any further relief that the
6 Court deems just and equitable.

8 Submitted this  8  day March of, 2010

10                                                                  /s/Nathan R. Zeltzer
                                                                    Nathan R. Zeltzer, Esq.
11                                                                  Attorney for the Debtor